[No. 40251.    Department One.    October 31, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. EVERETT GARLAND WASHINGTON, *Appellant*.*

*Mullavey, Hageman, Treece & Sayre* and *Matt M. M. Sayre*, for appellant.

*Charles O. Carroll* and *C. N. Marshall*, for respondent.

PER CURIAM.—Appellant was tried and convicted upon a charge of robbery. Judgment was entered and sentence imposed on February 20, 1968. At that time, appellant's counsel stated:

> . . . the defendant has orally indicated he does not wish to appeal. Therefore I would not like to take up the bond at this time. I feel it is something he should think over, however. I would like to reserve the appeal matter.

Appellant, without notifying his counsel, submitted a handwritten waiver of appeal and as a result was committed to the Correctional Center at Shelton on March 5, 1968. He there prepared a written notice of appeal, which was filed March 20, 1968.

Respondent contends that the waiver by appellant was irrevocable, and his appeal must be dismissed. Appellant contends that he was entitled to revoke the waiver at any time within the 30-day period for appeal prescribed by ROA 46 (b).

Respondent concedes that in all of the cases supporting its contention the revocation was made after the statutory period for appeal had run. We find those cases distinguishable.

*Reported in 446 P.2d 570.

■ Appellant having submitted written notice of appeal within the 30-day period prescribed by ROA 46(b), we hold that the waiver given was not irrevocable.

Motion denied.